## Commonwealth v. Booth et al.

*Leon Schwartz*, District Attorney, for Commonwealth.

*L. R. Crisman*, for defendants.

PINOLA, J., May 31, 1951.—Defendants, who are the Supervisors of Lake Township, are indicted for failing to maintain in good condition and repair a highway wholly in that township known as Kitchen Avenue, which was laid out by this court in proceedings had to June sessions, 1948, no. 281.

Counsel for defendants at the conclusion of the Commonwealth's case moved for the discharge of defend-

ants because the power had been taken from the courts to lay out roads prior to the initiation of the proceedings, supra. We agree with his position.

By the Act of July 10, 1947, P. L. 1481, sec. 15, 53 PS §19093-1101:

"The township supervisors may enact, ordain, survey, lay out, open, widen, straighten, vacate and relay all roads and parts thereof which are wholly within the township, upon the petition of a majority in interest of the owners of property or properties through whose land such road passes, or upon whose land it abuts, or without petition of the owners of abutting property, if in the judgment of the supervisors, it is necessary for the public convenience. . . ."

And section 49 of the Act of 1947, 53 PS §19093-2201, clearly declares that:

"It is the intention that this Act shall furnish a complete and exclusive system for the government and regulation of townships except as to the several matters enumerated in Section 103 of Article I of this Act. All other acts and parts of acts inconsistent with this Act are repealed."

(Section 103 has nothing to do with laying out or opening roads.)

At the time the petition was filed, to wit, on June 10, 1948, the court no longer had jurisdiction of such proceedings and, therefore, they are void and of no effect.

Since Kitchen Avenue was not laid out by the supervisors, it is not a public highway and they cannot be held responsible for its condition. If they were, the question would arise whether they could be indicted for maintaining a nuisance at common law.

Accordingly, now, May 31, 1951, the motion for discharge of defendants is granted. The costs are to be paid by the county.